# DIMMICK v. TOMPKINS.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 528.  Submitted May 16, 1904.—Decided May 31, 1904.

An appeal directly to this court from the Circuit Court denying a writ of *habeas corpus* is proper where the petition contains averments that the imprisonment is in violation of the Federal Constitution.

A sentence at hard labor in the state prison does not commence until the person sentenced is taken to the prison, and if by his own efforts to obtain a review and reversal of the judgment he secures a *supersedeas* pending appeal his detention meanwhile in the county jail cannot be counted as a part of the time of imprisonment in the state prison.

Although for some purposes different counts in an indictment may be regarded as in effect separate indictments, where there is nothing to show

that the court was without jurisdiction to impose a sentence of two years for the crime of which the defendant was convicted, this court will not presume that the sentence was for not exceeding one year on each of the two counts on which he was convicted, thus making the sentences in the state prison at hard labor illegal under Rev. Stat. §§ 5541, 5546, 5547. *In re Mills*, 135 U. S: 263, distinguished.

A writ of *habeas corpus* to release the petitioner from imprisonment cannot be made to do the office of a writ of error and this court will not on such a proceeding review errors of law on the part of the trial court.

This court may take judicial notice of its own records in proceedings formerly had by the parties to proceedings before it.

DIMMICK, the appellant, presented his petition for a writ of *habeas corpus* to the Circuit Court of the United States, Northern District of California. The petition was denied and an appeal taken to this court from the order denying the application. The appellant alleged in his petition for the writ that he was unlawfully imprisoned in the state prison of the State of California; that the imprisonment was illegal and in contravention of the Constitution of the United States, Article Five of the amendments to the same; that on October 16, 1901, he was sentenced to imprisonment in the state prison by the District Court of the United States in and for the Northern District of California for the period of two years, to date from October 16, 1901; that he had been imprisoned, under the judgment, in the state prison ever since April 13, 1903, and that prior thereto, and from the date of the judgment to April 13, 1903, he was imprisoned, under said judgment, in the county jail of Alameda county by order of the District Court.

The appellant also alleged that, notwithstanding the foregoing facts, the warden refused to discharge or release him from imprisonment, although the term of said imprisonment expired, according to its terms, on October 16, 1903. The appellant then set forth in the petition a copy of the record of the proceedings of the District Court of the United States, which showed that he was convicted in the District Court on the 16th of October, 1901, of making and presenting a false claim, as charged in the first count of the indictment, and of using a portion of the public moneys of the United States for

a purpose not prescribed by law, as charged in the fourth count; and that he was sentenced "to be imprisoned at hard labor for the term of·two years from October 16, 1901; and it is further ordered that said sentence of imprisonment be executed upon the said Walter N. Dimmick by imprisonment in the state prison of the State of California, at San Quentin, Marin County, California." The record was signed by the district judge who held the court.

The petition also set forth a copy of the indictment under which the trial was had. It was founded upon sections 5438 and 5497 of the United States Revised Statutes, and charged in substance the presentation to the cashier of the mint at San Francisco of a certain false, fictitious and fraudulent claim against the United States and known to be fraudulent by the defendant at the time he presented it; also, with having unlawfully used a portion of the public moneys for a purpose not prescribed by law. The appellant averred that neither the first nor the fourth count charged any crime or public offense against the United States nor the violation of any law of the United States, and that both counts were fatally defective. The appellant also averred that the judgment of the court, in as far as it required his imprisonment in the state prison, was void, because the United States District Court sentenced him for one year, and no more, upon each of the two counts of the indictment referred to in the judgment, and did not sentence him to imprisonment for a period of more than one year upon each of said counts, and that a sentence to the state prison for a period of not more than one year violated the statutes of the United States.

*Mr. George D. Collins* for appellant:

The imprisonment was for two years from a date specified and must expire two years therefrom. A court can fix the date of commencement of the sentence. *Ex parte Gibson*, 31 California, 627; *Woodward* v. *Murdock*, 124 Indiana, 439; *State* v. *Gaskins*, 65 N. Car. 320; *Kelly* v. *State*, 3 Sm. & Mar.

518. Under some circumstances the term might end before the imprisonment begins. *Johnson* v. *People*, 83 Illinois, 431, 437. The judgment cannot be changed after partial execution. *Ex parte Lange*, 18 Wall. 163, 173. The day on which a prisoner is sentenced will be reckoned as a part of the term. Bishop on Stat. Crimes, § 218; *Commonwealth* v. *Keniston*, 5 Pick. 420.

The sentence has been fully satisfied. The period of confinement in the county jail must be counted. Bishop, *supra; People* v. *Lincoln*, 62 How. Pr. 412. The conviction in this case was for a misdemeanor. *Ex parte Wilson*, 114 U. S. 422; *Mackin* v. *United States*, 117 U. S. 350; *Bannon* v. *United States*, 156 U. S. 466; *Regan* v. *United States*, 157 U. S. 303. As to law of California, see *Ex parte Ah Cha*, 40 California, 426, and see §§ 5438, 5497; Rev. Stat.

The sentence is void because it directs imprisonment in the penitentiary for a period not exceeding one year on each count. *Ex parte Mills*, 135 U. S. 270. Each count is in law a separate indictment. *Selvester* v. *United States*, 170 U. S. 262, 266. The sentence as rendered is an entirety. If void in part it is void *in toto* and if imprisoned for what is not a crime against the United States he is entitled to his discharge on *habeas corpus*. *Ex parte Siebold*, 100 U. S. 376; *Ex parte Hollis*, 55 California, 407; *Ex parte Corryell*, 22 California, 181. The first count contains mere epithets which signify nothing. *Van Well* v. *Winston*, 115 U. S. 237. The mere fact that a *paid* claim was presented for repayment is not a crime. The statute requires a *fraudulent* claim to be presented.

The statute can have sufficient scope and operation if it is confined to claims that have never been real or genuine; and it is the duty of the courts to give it that construction in favor of liberty. *United States* v. *Hartwell*, 6 Wall. 396. There can be no constructive offenses, and the case must be unmistakably within the statute. *United States* v. *Lacher*, 134 U. S. 628; *United States* v. *Brewer*, 139 U. S. 288. Statutes creating and defining crimes cannot be extended by intendment, and no

act, however wrongful, can be punished under such a statute unless clearly within its terms. *Todd* v. *United States*, 158 U. S. 282; *France* v. *United States*, 164 U. S. 676, 682.

The fourth count of the indictment also fails to charge any offense that is made a crime by any law of the United States. Section 5497, Rev. Stat., applies only to bankers, brokers, or other persons and to presidents, cashiers, tellers, directors, or other officers of any bank or banking association. This statute was amended by act of February 3, 1879, chap. 42, and by the amendment extended to officers and their assistants in the internal revenue service, 20 Stat. 280, thus indicating that the words "or other person" as used in the main section only relate to persons of the same general class as bankers and brokers. If all persons were meant, there was no need of the specific enumeration. Bishop on Stat. Crimes (3d ed.), § 245; Sutherland on Stat. Constr. § 272.

The prisoner was a clerk in the mint and not within the provisions of § 5497.

*Mr. Solicitor General Hoyt* for appellee:

The petition shows on its face that Dimmick has not served his sentence. The allegation that prior to April 13, 1903, and from the date of the sentence, October 16, 1901, Dimmick was confined in the county jail "under said judgment" is inconsistent with the judgment, which was for imprisonment in the state prison for two years at hard labor in the state prison. The time from which the sentence was to commence was directory merely. *Ex parte Bell*, 56 Mississippi, 282; *Ex parte Duckett*, 15 S. Car. 210.

The general rule is that the time when the imprisonment is to begin or end need not be and, according to the better practice, is not specified in the sentence, it being sufficient to state its duration merely. Bish. New Crim. Proc. sec. 1310, par. 3; 25 Am. & Eng. Ency. Law (2d ed.), p. 303, and cases cited in note.

The rule as to the place of imprisonment is different. Ac-

cording to the prevailing practice, when the sentence is imprisonment the place of imprisonment should be specified. 25 Am. & Eng. Ency. Law (2d ed.), p. 302, and cases cited in note.

The nature of the punishment—whether infamous or not—depends upon the place of imprisonment. Imprisonment in a state prison or penitentiary, with or without hard labor, is an infamous punishment. *Ex parte Wilson*, 114 U. S. 417, 428; *Mackin* v. *United States*, 117 U. S. 348, 352; *United States* v. *De Walt*, 128 U. S. 393.

The records of this court show that Dimmick was not confined under the judgment in the county jail prior to his removal to the state prison, but that said judgment had been superseded pending his appeals. See record in No. 592, October term, 1902, 189 U. S. 509.

Courts will take judicial notice of their own records with reference to prior proceedings in the case at bar. Am. & Eng. Ency. Law (2d ed.), p. 925, and numerous English and American cases cited in note. An appellate court will take judicial notice of its own record on a former appeal. *Gans* v. *Holland*, 37 Arkansas, 483; *Bell* v. *Williams*, 10 La. Ann. 514; *Thornton* v. *Webb*, 13 Minnesota, 498; *Dawson* v. *Dawson*, 29 Mo. App. 521. This court also has held that it will take judicial notice of its own records on a former appeal. *Bienville Water Supply Co.* v. *Mobile*, 186 U. S. 212, 217.

The time a convicted person is detained pending his appeal does not run upon the sentence, even where no *supersedeas* is granted. *Ex parte Duckett*, 15 S. Car. 210; *Ex parte Espalla*, 109 Alabama, 92.

The rule announced in *In re Mills*, 135 U. S. 263, that a sentence to imprisonment in the penitentiary must be for a longer period than one year, has no application. Petitioner was sentenced for a longer period than one year.

In this case there was but one indictment and the district court gave but one sentence, for two years, upon the verdict of conviction. *Claasen* v. *United States*, 142 U. S. 140, 146;

*Evans* v. *United States,* 153 U. S. 584, 608; *Dimmick* v. *United States,* 116 Fed. Rep. 825.

This court cannot undertake to divide and distribute the sentence between the two counts. If the sentence is erroneous in this respect, opportunity should be given the United States to have Dimmick resentenced in accordance with law upon the verdict against him. *In re Bonner,* 151 U. S. 242, 262; *Haynes* v. *United States,* 101 Fed. Rep. 817, 820; *Jackson* v. *United States,* 102 Fed. Rep. 473, 490.

The question whether the facts charged in the indictment constituted an offense under the statute are not open to review on *habeas corpus,* since the District Court had general jurisdiction of the class of offenses to which the alleged offense belonged. *Ex parte Parks,* 93 U. S. 18; *Ex parte Watkins,* 3 Pet. 193; *Ex parte Yarbrough,* 110 U. S. 651; *In re Coy,* 127 U. S. 731; *In re Eckart,* 166 U. S. 481.


MR. JUSTICE PECKHAM, after making the above statement of facts, delivered the opinion of the court.


The appeal directly to this court from the decision of the Circuit Court denying the writ of *habeas corpus* was proper under the averments contained in the petition, that the imprisonment of the appellant was in violation of the Federal Constitution. *Craemer* v. *Washington State,* 168 U. S. 124, 127.

The appellant contends that, as his sentence was imprisonment "at hard labor for the term of two years from October 16, 1901," his term of imprisonment under that sentence necessarily expired by its own limitation on October 16, 1903, even without any deduction for credits earned by good behavior.

If the appellant had been at once transported to the state prison under the sentence imposed upon him after his conviction, it is of course plain that two years from the time of his sentence (if he remained there in the meantime) would be the extent of his legal detention. In fact, he was not taken

to the state prison until April 13, 1903, but he avers that he had been previously and from October 16, 1901, the date of the judgment, to April 13, 1903, imprisoned under said judgment in the county jail of the county of Alameda, by the order of said District Court. The sentence upon the verdict of guilty is given in the record, which is made a part of the petition, and that record shows that the appellant was "sentenced to be imprisoned at hard labor for the term of two years from October 16, 1901; and it is further ordered that said sentence of imprisonment be executed upon the said Walter N. Dimmick by imprisonment in the state prison of the State of California, at San Quentin, Marin County, California."

The imprisonment of the appellant in the county jail could not, therefore, have been under the judgment which prescribes imprisonment in the state prison. But such detention may have been owing to his efforts to obtain a review and reversal of the judgment and in the meantime a *supersedeas* thereon, so as to prevent his transportation to the state prison, and in that case such detention should not be counted as any part of the time of imprisonment in the state prison. In that event his imprisonment in the state prison, under the judgment, should be counted from the time it actually commenced, notwithstanding the statement of the sentence that it should be for two years from October 16, 1901. The time of commencement was postponed by his own action, and he cannot take advantage of it and thus shorten the term of his imprisonment *at hard labor in the state prison.*

Upon this writ the question to be examined is one of jurisdiction, and in this case it is whether the warden of the prison has the legal right to continue the imprisonment under the sentence and warrant of commitment notwithstanding the expiration of two years from the time of sentence. If, as we have said, the detention in the jail was the result of his own action, and his imprisonment at hard labor in the state prison did not, for that reason, commence until April 13, 1903, then the legal term of his imprisonment in the state prison has not

expired and he is properly detained. As it was incumbent upon the appellant to show his continued imprisonment was illegal, (there being no presumption that it was,) the duty and the burden rested upon him to aver, and, if the averment were traversed, to prove that his detention in jail had not been by reason of the fact suggested. This he has not done. There is no such averment in the petition for the writ and there is no proof of such fact to be found. *Non constat*, that he was not detained for the very reason already stated. This is fatal to the appellant, so far as this point is concerned.

As might be surmised, there was ample reason for not making the allegation. It would not have been true.

It appears from our own records that a petition for a certiorari was filed in this court by appellant February 2, 1903, asking for a review of the above-mentioned judgment, and in that petition it is stated that the appellant had taken proceedings to have the judgment reviewed by the Circuit Court of Appeals, and had obtained a *supersedeas* thereon, and after the judgment had been affirmed by that court and on January 13, 1903, the District Court ordered the execution of the judgment thus affirmed to be stayed for the period of thirty days from that date to enable the appellant to make application to this court for a writ of certiorari, which application was made, and denied by this court March 2, 1903. 189 U. S. 509. In a case like this the court has the right to examine its own records and take judicial notice thereof in regard to proceedings formerly had therein by one of the parties to the proceedings now before it. The principle permitting it is announced in the following cases: *Butler* v. *Eaton*, 141 U. S. 240, 242; *Craemer* v. *Washington State*, 168 U. S. 124, 129; *Bienville Water Supply Company* v. *Mobile*, 186 U. S. 212, 217.

That the party seeking to review a judgment of imprisonment in a state prison cannot take advantage of his own action in so doing as to thereby shorten the term of imprisonment in the state prison is, as we think, plain. To hold otherwise would be inconsistent with the general principle that a person

shall not be permitted to take advantage of any act of another which was committed upon his own request or was caused by his own conduct. See *McElvaine* v. *Brush*, 142 U. S. 155, 159. The question has arisen in some of the state courts and has been so decided. See *Ex parte Duckett*, 15 S. Car. 210, decided in 1881; *Ex parte Espalla*, 109 Alabama, 92, decided in 1896. In such cases the provision of the sentence that the imprisonment is to commence on or to continue from a certain day is rendered impossible of performance by the act of the defendant, and he will not be permitted to obtain an advantage in such manner. The appellant cites no case which questions this principle. Those cited by him have, generally, reference to the construction to be given the language of the sentence as to the time of its commencement. They do not deny the rule as to the action of defendant in preventing its execution.

*Johnson* v. *The People*, 83 Illinois, 431, is not in point. The case arose on error brought by the defendant after conviction in the court below. He was convicted under several counts of an indictment for selling intoxicating liquors and the sentence fixed a day and hour when the imprisonment should commence under each count. This was held to be error, as the sentence to imprisonment should have been for a specified number of days under each count upon which conviction is had, and the imprisonment under each succeeding count would begin when it ended under the preceding one, without fixing the day or hour of any. It appeared in that case that a *supersedeas* had been granted, and that it had become impossible that the judgment of imprisonment could be carried into effect, as the time fixed by the court had elapsed. The sentence was held to be an erroneous one, and the judgment was reversed and the case remanded with directions that the court should enter a proper judgment on the verdict.

In *Dolan's Case*, 101 Massachusetts, 219, the prisoner, after imprisonment, had escaped before the term of the sen-

tence had expired, and having been retaken claimed his dis-
charge at the expiration of the time that he would have been
entitled to it if he had not escaped. Neither the date of its
commencement nor of its expiration was fixed by the terms
of the sentence. His application was denied, and it was held
that the defendant must be imprisoned for a time which cor-
responded with his original sentence, and that the expiration
of the time without imprisonment was in no sense an execu-
tion of the sentence.

Also, in *State* v. *Cockerham*, 2 Ired. Law (24 N. Car.), 204, it
was held that the time at which the sentence should be carried
into execution forms no part of the judgment. The judgment
is the penalty of the law as declared by the court, while the
direction with respect to the time of carrying it into effect is
in the nature of an award of execution. So here, in the case
before us, the material part of the sentence is imprisonment
for two years in the state prison, and that sentence is not
satisfied by a detention in the county jail for a portion of the
two years by reason of the proceedings of appellant to review
the judgment under which the sentence was given.

As to the time of the commencement of the sentence, *State*
v. *Gaskins*, 65 N. Car. 320, is based upon a statute, which
declared that the term of imprisonment "shall begin to run
upon and shall include the day of conviction." The question
did not arise by reason of the act of the defendant in taking
proceedings to review the judgment.

*Woodward* v. *Murdock*, 124 Indiana, 439, simply holds that
the period the prisoner is out of jail under parole is part of the
time for which he was sentenced, and when the original time
expires he is entitled to his discharge just the same as if he
had been in prison the whole time. It was held that he was
constructively in prison, although in fact conditionally at
large under his parole, and that while thus on parole his sen-
tence ran on.

The sentence given in this case could only have been satisfied
by imprisonment in the state prison at San Quentin for the

period of time mentioned in the sentence. This is not the case of an arbitrary detention in jail, without excuse or justification, alter sentence to imprisonment in a state prison. If in such case the defendant were helpless, the question might arise whether the time of such improper detention in jail should not be counted, as to that extent, a satisfaction of the sentence.

It is also objected that the sentence is void because it directs imprisonment in the state prison for a period that does not exceed one year on each count of the indictment, and *In re Mills,* 135 U. S. 263, 268, is cited to sustain the proposition.

In that case the prisoner was sentenced upon two indictments to imprisonment in the penitentiary, in one case for a year and in the other for six months, and it was held that the imprisonment was in violation of the statutes of the United States. See Rev. Stat. §§ 5541, 5546, 5547.

In the case at bar the sentence was for two years upon one indictment, and there is no statement in the record that there was a separate sentence each for one year upon the first and fourth counts of the indictment. In this we think there was no violation of the statute, and the sentence was therefore proper and légal. The appellant may have been sentenced upon one count only for two years. Although for some purposes the different counts in an indictment may be regarded as so far separate as to be in effect two different indictments, yet it is not true necessarily and in all cases. But this record shows a sentence for two years to the state prison, and there is nothing to show the court was without jurisdiction to impose such sentence for the crime of which the defendant was convicted.

It is also objected that the facts charged in either the first or fourth count of the indictment did not constitute any offense under the statute, and that the sentence was therefore without jurisdiction. We are not by any means prepared to adjudge that the indictment did not properly charge an offense in both the first and fourth counts. See *Dimmick* v. *United States,* 116 Fed. Rep. 825, involving this indictment, where

it is set forth. It is not, however, necessary in this case to decide the point, for the indictment charged enough to show the general character of the crime, and that it was within the jurisdiction of the court to try and to punish for the offense sought to be set forth in the indictment. If it erroneously held that the indictment was sufficient to charge the offense, the decision was within the jurisdiction of the court to make, and could not be reëxamined on *habeas corpus.* The writ cannot be made to do the office of a writ of error. Even though there were, therefore, a lack of technical precision in the indictment in failing to charge with sufficient certainty and fullness some particular fact, the holding by the trial court that the indictment was sufficient would be simply an error of law, and not one which could be reëxamined on *habeas corpus. Ex parte Parks,* 93 U. S. 18; *In re Coy,* 127 U. S. 731; *In re Eckart,* 166 U. S. 481. In the last case it was stated that (page 483)—

"The case is analogous in principle to that of a trial and conviction upon an indictment, the facts averred in which are asserted to be insufficient to constitute an offense against the statute claimed to have been violated. In this class of cases it has been held that a trial court possessing general jurisdiction of the class of offenses within which is embraced the crime sought to be set forth in the indictment is possessed of authority to determine the sufficiency of an indictment, and that in adjudging it to be valid and sufficient, acts within its jurisdiction, and a conviction and judgment thereunder cannot be questioned on *habeas corpus,* because of a lack of certainty or other defect in the statement in the indictment of the facts averred to constitute a crime."

The order refusing the writ was right, and is

*Affirmed.*