## CARACCI v. SNOOK, Warden.

District Court, N. D. Georgia.   January 29, 1929.

No. 119.

Frank A. Doughman, of Atlanta, Ga., for applicant.

Hal Lindsay, Asst. U. S. Atty., of Atlanta, Ga., for respondent.

SIBLEY, District Judge.   The record shows that applicant was regularly sentenced on January 25, 1927, to a term of three years in the Atlanta Penitentiary, to run from date. Commitment was issued accordingly on the same date. On January 29th, the judge, in open court and at the same term, amended the sentence by substituting for the words "three years" the words "thirty months." On February 5th the prisoner was delivered to the penitentiary under the original commitment. The undisputed evidence shows that the prisoner was, at his request, brought before the court on January 29th, and was present when the sentence was amended. He discovered that the commitment had not been changed at the time of his delivery at the penitentiary, and had the clerk to certify to the warden the order amending the sentence. If the sentence is one of thirty months it has, with good time allowance earned, been

already served, but not if the effort to amend it was unavailing.

Although in strict logic a penitentiary sentence is not in course of service until the arrival of the convict at the penitentiary, still the right of a court, in favorem libertatis, to order that it be considered as in operation from its date if there is actual imprisonment under it, was recognized in Fels v. Snook, Warden (D. C.) 30 F.(2d) 187. The present sentence had, in that way, been in course of service for four days when the court undertook to change its substance. As held in Miller v. Snook, Warden (D. C.) 15 F.(2d) 68, the rule is that after a sentence is in course of execution the prisoner is in executive power and beyond judicial power so far as the trial jurisdiction is concerned, and the court cannot alter the substance of the sentence, even during the term at which it was pronounced. It was there held that after the marshal had the prisoner, with the commitment, en route to the penitentiary, the court was without power to change the sentence in matter of substance. It is urged that the ruling there made should govern here, since this sentence was in course of execution. But this is true only sub modo. The prisoner was in fact still held by the marshal, who was the court's officer, and in the jail over which the judge had control. The prisoner was physically in the power of the court and was actually before it. Had the court withdrawn this commitment and altered it to agree with the altered sentence, no doubt the new commitment would have been acted upon without question at the penitentiary. It is permissible for the habeas corpus court to go behind the commitment under which a prisoner is held and examine the record on which it issued in order to see if the imprisonment is lawful.

The record here as finally made up failed to support a commitment for three years. The prisoner could lawfully be held only for thirty months, and must now be discharged.