**SPEERS SAND & CLAY WORKS, Inc., et al.**
**v. PRATT.**

Circuit Court of Appeals. Fourth Circuit.
January 14, 1930.

No. 2861.

Mary W. F. Speers, for appellants.

E. P. Keech, Jr., of Baltimore, Md. (Keech, Deming & Carman, of Baltimore, Md., on the brief), for appellee.

Before WADDILL and PARKER, Circuit Judges, and McDOWELL, District Judge.

PER CURIAM. ▮ This is an appeal from an order denying the petition of the Speers Sand & Clay Works, Inc., and Mary W. F. Speers for a writ of certiorari to require the court of common pleas of Baltimore city to certify a copy of the record of an action therein pending, wherein George D. Pratt is plaintiff and petitioners are defendants. The petition, which was filed December 1, 1928, alleged diversity of citizenship, the jurisdictional amount, and that the clerk of the state court had refused to certify the record. It did not allege, however, that the petition for removal was filed with the state court before the time for answering had expired; and in this it was manifestly defective.

▮ We should note, also, that this is the second appeal brought to this court from orders refusing to transfer this cause from the state to the federal courts. The first was dismissed November 13, 1928. See 30 F.(2d) 1020. We may take judicial notice of the matters contained in the record on that appeal (Freshman v. Atkins, 269 U. S. 121, 124, 46 S. Ct. 41, 70 L. Ed. 193; Dimmick v. Tompkins, 194 U. S. 540, 548, 24 S. Ct. 780, 48 L. Ed. 1110); and it appears therefrom that Judge Bond, of the court of common pleas of Baltimore city, signed an order for the removal of the cause to the federal court on January 10, 1928, but two days later signed another order directing that the order of removal be vacated and set aside unless cause to the contrary be shown by January 23d. Cause to the contrary does not seem to have been shown; but instead the petitioners, on March 15th, filed with the Federal District Court a petition for removal on the ground of local prejudice. This was denied by order of April 13th, an appeal to this court was then taken, and, as stated, the appeal was dismissed on November 13, 1928. It is clear that petitioners abandoned any rights they may have had under their petition for removal on the ground of diversity of citizenship by not filing a certified copy

572

of the record, or applying for certiorari to obtain same, within 30 days after the petition for removal was filed. For this reason, as well as for the reason that the petition for certiorari was defective in·failing to allege that the petition for removal was filed before the time for answering had expired, the learned judge below properly denied the petition.

Affirmed.