### SWOPE, Warden, v. LAWTON.
#### No. 8190.

Circuit Court of Appeals, Ninth Circuit.
May 8, 1936.

J. Charles Dennis, U. S. Atty., and Oliver Malm, Asst. U. S. Atty., both of Seattle, Wash., for appellant.

Raymond T. Lawton, in pro. per.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

The respondent was committed to the United States Penitentiary on McNeil Island under sentence of five years on each of two counts of an indictment upon which he had been convicted in the District Court of the United States for the District of Minnesota. The sentence was imposed because of a violation of probation. The sentence on its face provided that it should begin to run from the 28th day of March, 1929. The commitment was issued on April 8, 1932, and the prisoner began to serve his term at McNeil Island on May 17, 1932. He contends that his sentence, rightly construed, begins to run from the date fixed in the sentence and commitment, and that, consequently, he is entitled to good credits as authorized by 18 U.S.C.A. § 710, for the entire period that has elapsed from and after March 1929. During this period for about one year he was on probation. The appellee concedes that if he is not entitled to good credits for the period of time he was on probation that he is not now entitled to release. The appellant contends that the appellee is not entitled to good credits while on probation.

There are other questions suggested by the record involving the prisoner's term which it is not necessary to consider in the event we sustain the position of the appellant that the appellee is not entitled to credit for good conduct during the period he is on probation. The statute with relation to credits (18 U.S.C.A. § 710) provides that "each prisoner who has been or shall hereafter be convicted * * * and is confined, in execution of the judgment or sentence upon any such conviction, in any United States penitentiary or jail * * * for a definite term * * * whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence to be estimated as follows, commencing on the first day of his arrival at the penitentiary, prison or jail: * * * Upon a sentence of ten years or more, ten days for each month. When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated."

■ It is clear that until the prisoner reaches the penitentiary and is confined therein in execution of his sentence he is not entitled to credits which only relate to the period of his confinement by the express terms of the statute.

The appellee has cited in support of his position the case of White v. Pearlman (C.A.) 42 F.(2d) 788. That case was unique in that the prisoner during his term was expelled from the penitentiary by the warden, who believed that his sentence had expired, and over his protest that it had not expired, and who, subsequently, after the full term had expired was arrested and imprisoned upon the original sentence. It was held that under those peculiar circumstances the time when he was out of the penitentiary was a part of his sentence; his release having been effected without his consent, and over his objection, was not an escape. That case has no application to the situation here.

■ We deem it unnecessary to give the whole history of the prisoner because in any view of the case he is not entitled to the credits he claims.

We avoid a more detailed statement of the facts and any discussion thereof in order to avoid the inference that we have decided more than the single question with reference to credits claimed by the prisoner for the period he was on probation before the imposition of the sentence he is now serving.