**ADERHOLD, Warden, v. ELLIS.**

No. 7955.

Circuit Court of Appeals, Fifth Circuit.
June 26, 1936.

Rehearing Denied July 25, 1936.

SIBLEY, Circuit Judge, dissenting.

———◆———

Lawrence S. Camp, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., and H. T. Nichols, Sp. Asst. to the U. S. Atty., all of Atlanta, Ga., for appellant.

Frank A. Doughman, of Atlanta, Ga., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment discharging the petitioner from the custody of the warden of the federal penitentiary at Atlanta, Ga., on a writ of habeas corpus. The question presented for decision is simply how much good time deduction the prisoner should be allowed.

The facts are not in dispute. Petitioner, Ed. O. Ellis, while serving a sentence in the Fulton county jail, imposed by a state court, was convicted on an indictment charging violation of the mail fraud statute, in the District Court for the Northern District of Georgia, on November 14, 1931, and sentenced to be imprisoned in such penitentiary as the Attorney General might designate for the term of four years and nine months. Execution of the federal sentence was ordered to begin at the expiration of the sentence he was then serving. On November 28, 1931, Ellis was granted an appeal to this court with supersedeas.

The state court sentence expired on February 22, 1932, and Ellis was then committed to the custody of the United States. He was unable to give bail and remained in the Fulton county jail pending the appeal.

The judgment was affirmed on December 23, 1932. The mandate sent down provided: "The appellee consenting, the cause is remanded to the District Court with instructions to the trial judge herein to exercise his discretion in modifying any sentence which has heretofore been imposed upon the appellant, Ed. O. Ellis, by allowing credit for time spent in jail by said appellant, pending the appeal."

When the mandate came down, on January 13, 1933, the District Court entered the following order: "It is now consid-

ered, ordered and adjudged by the court, pursuant to the said order of the said Circuit Court of Appeals as of date of December 23, 1932, and the United States consenting thereto through Hal Lindsay, Esq., Assistant District Attorney, that the original sentence heretofore imposed upon the said defendant, Ed. O. Ellis, who is now present in Court and consenting hereto, be and the same is hereby modified so as to read that the execution of said sentence of said Ed. O. Ellis, shall date from and be computed from the said 22nd day of February, 1932, and the clerk is directed to certify a copy of this order to the Warden of the United States Penitentiary, at Atlanta, Georgia, or to the Warden of such Penitentiary as may be designated by the Attorney General, or his authorized representative, as the place where said sentence shall be served."

Ellis was delivered by the marshal to the federal penitentiary at Atlanta on January 14, 1933. He earned deductions for good conduct while in that institution. It was shown by affidavits of the state jailer and the marshal, furnished to the warden, that Ellis' conduct had been good while in the state jail. If he were entitled to deductions from February 22, 1932, including the time he remained in the Fulton county jail, they amounted to 399 days and the sentence expired on October 19, 1935. The warden gave credit on the sentence for the period between February 22, 1932, and January 14, 1933, but declined to grant deductions for good conduct except for the time Ellis was incarcerated in the penitentiary. His computation of good time was 75 days less than claimed by Ellis, making the sentence expire on January 2, 1936.

An allowance of deductions from a sentence for good conduct while in prison is governed by the provisions of R.S. §§ 5543, 5544, as amended (18 U.S.C.A. § 710) which, so far as is material to this case, is as follows: "§ 710. Deductions from sentences for good conduct; computation. Each prisoner who has been or shall hereafter be convicted of any offense against the laws of the United States, and is confined, *in execution of the judgment or sentence upon any such conviction,* in any United States penitentiary or jail, or in any penitentiary, prison, or jail of any State or Territory, for a definite term, other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence to be estimated as follows, *commencing on the first day of his arrival at the penitentiary, prison, or jail:* * * * Upon a sentence of not less than three years and less than five years, seven days for each month."  (Italics ours.)

The sentence as originally entered was confinement in a penitentiary. This excluded the Fulton county jail and while there Ellis was not in prison in execution of the sentence. Since he had sued out a supersedeas, although he was not enlarged on bail, he could not be transferred to a penitentiary, and the time spent in jail pending the disposal of his appeal did not count on the sentence. Dimmick v. Tompkins, 194 U.S. 540, 24 S.Ct. 780, 48 L.Ed. 1110. The amendment of the sentence, by authority of the mandate, was legal and was so recognized by the warden. It reduced the time to be served, but it did not change the place of confinement, *in execution of the sentence,* which still remained a United States penitentiary to be designated by the Attorney General. Ellis did not begin to serve the sentence imposed on his conviction until he entered the federal penitentiary at Atlanta on January 14, 1932, and, under the provisions of the statute, he was not entitled to deductions earned by good conduct before that day. The warden's determination of the number of days he was entitled to was right.

Reversed and remanded.

SIBLEY, Circuit Judge (dissenting).

Dimmick v. Tompkins, 194 U.S. 540, 24 S.Ct. 780, 48 L.Ed. 1110, would require the reversal but for the permission in the mandate in this case to modify the sentence and the modification of it in such wise as that service of it was to be treated as beginning at the date of the sentence and to continue during the appeal. If, as the court holds, thi' amendment was valid—and I have thougl. such dating back of sentences to cover actual imprisonment to be operable, although irregular, Fels v. Snook, Warden (D.C.) 30 F.(2d) 187; Caracci v. Snook, Warden (D.C.) 29 F.(2d) 979—then the time served in jail became by adoption of the court a service of the sentence, and since the prisoner's conduct was good, he ought to have the benefit of it as though

his sentence had originally read for imprisonment in jail from February 22, 1932, to January 13, 1933, and thereafter in the penitentiary. Good time is computable under 18 U.S.C.A. § 710 while in jail as well as while in a penitentiary if the confinement is in execution of a sentence. I think the judgment ought to be affirmed.

On Petition for Rehearing.

PER CURIAM.

As neither of the judges who concurred in the judgment of the court in the above numbered and entitled cause is of opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same hereby is, denied.