## UNITED STATES ex rel. CAPONE v. LLOYD, Warden.

### No. 13916–H.

District Court, S. D. California, Central Division.

April 21, 1939.

Teitelbaum & Melnick and Abraham Teitelbaum, all of Chicago, Ill., for petitioner.

Benjamin Harrison, U. S. Atty., and Maurice Norcop, Asst. U. S. Atty., both of Los Angeles, Cal., for respondent.

HOLLZER, District Judge.

Petitioner seeks his release under a writ of habeas corpus following imprisonment under a sentence imposed by the United States District Court for the Northern District of Illinois, Eastern Division, in a certain criminal action hereinafter referred to as Indictment No. 23232. In the present proceeding the record in the latter case has been made a part of the record herein.

From that record it appears that petitioner was sentenced following conviction on three certain counts of said indictment, each of which charged the commission of a felony and, in addition, upon two further counts, each of which charged the commission of a misdemeanor. Sentence was pronounced on October 24, 1931, and provided in substance that on each of the felony counts (the same being designated as 1, 5 and 9) petitioner was to be imprisoned in the penitentiary for a period of five years and to pay a fine of ten thousand dollars plus the costs of prosecution, and that on each of the misdemeanor counts (the same being designated 13 and 18) petitioner was to be imprisoned for a period of one year and to pay a fine of ten thousand dollars plus the costs of prosecution, and further provided that the sentence on count 5 with respect to the imprisonment part thereof was to be served concurrently with the imprisonment part of the sentence on count 1, but the fine imposed with respect to count 5 was to be in addition to the fine imposed with respect to count 1, likewise that the sentence on count 9 should be in addition to the sentence imposed as to counts 1 and 5, also that the sentence imposed with respect to count 18 should be consecutive and cumulative and be served after termination of service of sentence under count 9, and also that the sentence imposed with respect to count 13, so far as the imprisonment part thereof was concerned, was to be concurrent with the sentence pronounced under said counts 1 and 5.

On the same day sentence was pronounced the District Court denied petitioner's motion for a supersedeas and also his motion for bail. Likewise on the same day, that court made an order granting petitioner's application for appeal from the judgment and sentence to the United States Circuit Court of Appeals for the Seventh Circuit.

On November 9, 1931, the District Court corrected its record with respect to the aforementioned judgment and sentence "so as to speak the full truth more clearly" and so as to provide that the sentence on count 18 should follow service of the sentence on count 9, but if for any reason sentence on count 9 should terminate before commencement or expiration of service of sentence on count 13 then sentence on count 9 should be served after termination and following the service of sentence on count 13.

On October 27, 1931 and pursuant to an application made therefor by petitioner, an order was entered by the Seventh Circuit Court of Appeals, allowing supersedeas, and at the same time denied his petition for enlargement upon bail pending the hearing of his appeal. Likewise that order further provided that "if appellant does not proceed with expedition to perfect his appeal the court will entertain a motion to vacate the order for supersedeas.

On February 27, 1932, the Circuit Court of Appeals affirmed the aforementioned judgment. Capone v. United States, 7 Cir., 56 F.2d 927. Thereafter petitioner applied to that court for a rehearing and the same was denied on March 23, 1932. 7 Cir., 58 F.2d 1081. Shortly thereafter, petitioner applied to the United States Supreme Court for writ of certiorari, which application was denied on May 2, 1932. 286 U.S. 553, 52 S.Ct. 503, 76 L.Ed. 1288.

On May 3, 1932, the 7th Circuit Court of Appeals entered an order "that the supersedeas heretofore granted to appellant in this cause on October 27, 1931, and continued in effect until the further order of this Court by the order entered herein March 23, 1932, be, and the same is hereby vacated and set aside". On the same day a mittimus was filed in the Clerk's office of the aforementioned District Court, said commitment being in the usual form and reciting in part that the Attorney General of the United States had designated the U. S. Penitentiary at Atlanta, Georgia, as the place of confinement where the penitentiary part of said sentence of petitioner should be served, and had designated the county jail of Cook County at Chicago, Illinois, as the place of confinement where the misdemeanor part of said sentence

should be served. Pursuant to said mittimus the United States Marshal on the same day began the removal of the petitioner to said penitentiary and on the next day he was delivered to the warden thereof. During the period intervening between the date sentence was imposed and the filing of the mittimus petitioner remained in the Cook County Jail.

Petitioner asserts he has served the full term of imprisonment imposed by the aforesaid judgment, deducting therefrom credits for good behavior at the rate of ten days per month over a period of eleven years, and hence insists that he is now being imprisoned illegally. The computation upon which this result is reached is based upon the assumption that the date on which the credits specified in 18 U.S.C.A. § 710, began to run in favor of petitioner was the date on which sentence was pronounced, to-wit, October 24, 1931.

On the other hand, petitioner concedes that if such credits did not begin to run until May 3, 1932, when the U. S. Marshal began his removal to the United States Penitentiary at Atlanta as the place of confinement where the penitentiary part of his sentence was to be served, then petitioner has not served the full term of imprisonment imposed by said judgment.

During the argument at the hearing of this proceeding counsel for petitioner, while admitting that his client had taken advantage of the supersedeas granted by the Circuit Court of Appeals, and thereby had succeeded in delaying his removal to the penitentiary until May 3, 1932, contended that the latter court had no jurisdiction to grant such an order of supersedeas and hence that the same was void ab initio, further that its order of May 3, 1932, vacating the same was a ruling to that effect, and therefore the period during which petitioner remained in the Cook County Jail prior to his removal to the penitentiary must be credited as a part of his servitude in the penitentiary.

Carried to its logical conclusion, this contention would lead to the result that a person upon whom a penitentiary sentence had been imposed could evade serving any part of that sentence through the process of securing supersedeas and remaining in the county jail for the period of the sentence, less the time for which he would have been entitled to credit provided he had in fact served the sentence in the penitentiary instead of the county jail.

The fallacy to which such argument leads and the injustice which thereby would be perpetrated should suffice as grounds for ruling adversely to such contention.

Counsel for petitioner has cited a number of decisions which it is claimed support his position. However our examination of these cases convinces us that in none of them are the facts analogous to the proceeding at bar.

On the contrary the decision rendered by the United States Supreme Court in Dimmick v. Tompkins, 194 U.S. 540, 24 S.Ct. 780, 48 L.Ed. 1110, and that rendered by the 9th Circuit Court of Appeals in Swope, Warden v. Lawton, 83 F.2d 814, clearly demonstrate that petitioner is not entitled to claim that he began serving his penitentiary sentence during any part of the period during which he succeeded in delaying his removal to the penitentiary.

In the first of these two cases the defendant had received a sentence to the effect that he be imprisoned at hard labor for the term of two years from October 16, 1901, and that said sentence be executed by imprisonment in the State prison at San Quentin, California. The record in that case further showed that the defendant had succeeded in delaying his removal to the penitentiary until April 13, 1903, and that during the interim he had remained in the county jail through the process of supersedeas. In the course of its opinion the court there said [194 U.S. 540, 24 S.Ct. 781]:

"The imprisonment of the appellant in the county jail could not, therefore, have been under the judgment which prescribes imprisonment in the state prison. But such detention may have been owing to his efforts to obtain a review and reversal of the judgment, and, in the meantime, a supersedeas thereon, so as to prevent his transportation to the state prison, and in that case such detention should not be counted. as any part of the time of imprisonment in the state prison. In that event his imprisonment in the state prison, under the judgment, should be counted from the time it actually commenced, notwithstanding the statement of the sentence that it should be for two years from October 16, 1901. The time of commencement was postponed by his own action, and he cannot take advantage, of it and thus shorten the term of his imprisonment at hard labor in the state prison.

"* * * If, as we have said, the detention in the jail was the result of his own action, and his imprisonment at hard labor in the state prison did not, for that reason, commence until April 13, 1903, then the legal term of his imprisonment in the state prison has not expired, and he is properly detained. * * *

"That the party seeking to review a judgment of imprisonment in a state prison cannot take advantage of his own action in so doing as to thereby shorten the term of imprisonment in the state prison is, as we think, plain. To hold otherwise would be inconsistent with the general principle that a person shall not be permitted to take advantage of any act of another which was committed upon his own request, or was caused by his own conduct."

In the second of two cases last mentioned, the court declared [83 F.2d 815]: "It is clear that until the prisoner reaches the penitentiary and is confined therein in execution of his sentence he is not entitled to credits which only relate to the period of his confinement by the express terms of the statute."

For the reasons herein stated petitioner's application for release is denied and the writ of habeas corpus theretofore issued is discharged.