## VAUTROT v. UNITED STATES.
### No. 12839.

Circuit Court of Appeals, Eighth Circuit.

Oct. 2, 1944.

Ronald S. Hazel, of St. Paul, Minn. (appointed by the Court), for appellant.

Sam Rorex, U. S. Atty., of Little Rock, Ark., for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The question is on a motion for correction of sentence.

Appellant pleaded guilty to an indictment in six counts, under 48 Stat. 783, 12 U.S.C.A. § 588b, for robbery of a bank insured by the Federal Deposit Insurance Corporation. The first count charged robbery of the bank by force and violence, under subsection (a) of 12 U.S.C.A. § 588b. The other five counts charged robbery of the bank while putting in jeopardy the life of a person by the use of a dangerous weapon, under subsection (b) of 12 U.S.C. A. § 588b—each count naming a different person.

■ The court imposed a general sentence of 35 years imprisonment. The statute authorizes imprisonment of not more than 20 years for a violation of subsection (a) and of not more than 25 years for a violation of subsection (b). Only one sentence may be imposed for a bank robbery involving a violation of both subsections of the statute, and the penalty must not be in excess of the maximum permitted by subsection (b). Hewitt v. United States, 8 Cir., 110 F.2d 1, certiorari denied 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409; Garrison v. Reeves, 8 Cir., 116 F.2d 978; Holiday v. United States, 8 Cir., 130 F.2d 988, certiorari denied 317 U.S..691, 63 S.Ct. 265, 87 L.Ed. 553; Holbrook v. United States, 8 Cir., 136 F.2d 649. The maximum term of imprisonment for which appellant properly could have been sentenced on his plea of guilty was therefore 25 years.

Three years after appellant had been committed to the penitentiary at Leavenworth, he filed a motion for correction of sentence. He contended, however, that his sentence ought to be reduced, not to 25 years, but to 5 years and 10 months, on the theory that, since there were six counts in the indictment, the general sentence of 35 years should be treated as a series of six consecutive sentences of equal length on all the counts of the indictment. The court rejected this contention, but entered an order reducing the sentence from 35 to 25 years, to make it conform to the limitation of the statute and the decisions cited above. The contention made by appellant in the trial court has been renewed on this appeal.

■ A general sentence on a conviction of more than one count in an indictment, where the actual basis of the trial court's action does not appear, is without any presumption that it is an aggregate of consecutive sentences of equal length on all the convicted counts. Thus, in Dimmick v. Tompkins, 194 U.S. 540, 24 S.Ct. 780, 48 L.Ed. 1110, where the prisoner had been convicted on two counts of an indictment and had been given a general sentence of two years at hard labor, the Supreme Court refused to presume that the sentence was for one year on each count, saying, 194 U.S. at page 551, 24 S.Ct. at page 783 "there is no statement in the record that there was a separate sentence each for one year upon the first and fourth counts of the indictment" and "appellant may have been sentenced upon one count only for two years." It also is well settled that a general sentence is not required to be tested in relation to all the convicted counts of an indictment but is sustainable on any single count capable of supporting it. Cf. Seymour v. United States, 8 Cir., 77 F.2d 577, 99 A.L.R. 880; Doe v. United States, 8 Cir., 253 F. 903, 166 C.C.A. 3.

■ These principles are applicable here. There was no presumption available to appellant that the general sentence entered consisted of six consecutive sentences of 5 years and 10 months each. There is nothing in the record to establish any such intention in fact on the part of the trial court. The sentence therefore properly was testable in relation to any one of the convicted counts. If there had been any initial intention that the sentence was to have an effect other than that given it by its form, appellant had the advantage of having his motion for correction presented to and determined by the same judge who had pronounced the sentence.

Counsel appointed for appellant by this Court has diligently briefed and ably argued the cause here, but the record does not warrant or permit of any reduction in appellant's sentence beyond that made by the District Court.

Affirmed.