**Kenneth Earl CROWDEN,**
**Petitioner-Appellee,**

v.

**George BOWEN, and the Attorney General of the State of Alabama, Respondents-Appellants.**

**No. 84–7051**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 18, 1984.

Jane LeCroy Brannan, Asst. Atty. Gen., Montgomery, Ala., for respondents-appellants.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

In this habeas corpus proceeding the state appeals the order of the district court granting the writ to the extent the petitioner requests credit for postsentencing custody in county jail pending appeal of his conviction. We affirm.

Petitioner entered a plea of guilty in state court to a charge of theft of property in the second degree. *See* Ala.Code § 13A–8–4. In accordance with the agreement upon which his plea was based, he was sentenced to ten years in the state penitentiary, the maximum sentence for that offense. *See id.* §§ 13A–8–4(b), –5–6(a)(3). Petitioner filed a notice of appeal and requested that his sentence be suspended during appeal. *See id.* § 12–22–170. The trial court suspended execution of the sentence, but petitioner was financially unable to post the $10,000 bond set by the court. He thus remained in the custody of the sheriff until his conviction was affirmed by the court of criminal appeals approximately six months later.

With respect to presentencing custody, the case law of the former fifth circuit could not be clearer. The equal protection clause does not allow a state to extend a prisoner's sentence beyond the maximum period prescribed by law by refusing to give the prisoner credit for presentencing detention occasioned by the prisoner's financial inability to make bail. *E.g., Bayless v. Estelle*, 583 F.2d 730, 732 (5th Cir. 1978), *cert. dismissed*, 441 U.S. 938, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979); *Matthews v. Dees*, 579 F.2d 929, 930–31 (5th Cir.1978); *Martin v. Florida*, 533 F.2d 270, 271 (5th Cir.1976); *Parker v. Estelle*, 498 F.2d 625, 627 (5th Cir.1974), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975); *Hart v. Henderson*, 449 F.2d 183, 185 (5th Cir.1971).

We perceive no distinction in principle between a denial of credit for time spent in presentencing custody that results in the detention of indigents longer than the maximum period imposable by law and a similar denial when the detention occurs after sentencing, pending appeal. The effect in either case is to subject indigent prisoners to longer terms of incarceration than nonindigents. Earlier pronouncements of this court have anticipated the result we reach here. As was broadly declared in *Hart*, 449 F.2d at 185, "the inability of an indigent criminal defendant to make bond should not result in extending the duration of his imprisonment beyond the statutory maximum." Similarly, in *Matthews* we stated that "[t]here is ... a federal constitutional right not to be subjected to imprisonment beyond the statutory maximum solely because of indigency." 579 F.2d at 931.

The state maintains that *Dimmick v. Tompkins*, 194 U.S. 540, 24 S.Ct. 780, 48 L.Ed. 1110 (1904) and *Gamble v. Alabama*, 509 F.2d 95 (5th Cir.), *cert. denied*, 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250 (1975) dictate a contrary result. We disagree. The petitioner in *Dimmick* was sentenced to serve "two years ... in the state prison." He remained in county jail, however, for eighteen months while he pursued an appeal. The Supreme Court affirmed the denial of the writ, stating that "the party seeking to review a judgment of imprisonment in a state prison cannot take advantage of his own action in so doing as to thereby shorten the term of imprisonment in the state prison." 194 U.S. at 548, 24 S.Ct. at 781. This language does not aid the state because, as is clear from a reading of the opinion, no equal protection challenge was offered to or addressed by the Court. *See also Gamble*, 509 F.2d at 97 (construing *Dimmick* as turning on double jeopardy considerations).

Under Alabama law a criminal defendant who appeals his conviction has the option of being transferred to the penitentiary pending appeal or of having his sentence suspended and either going free on bail, if eligible and financially able, or remaining in county jail. A person taking the former route receives credit on his sentence for this detention, while one pursuing the latter course does not. *See* Ala.Code §§ 12-22-170, -172; *Gamble*, 509 F.2d at 96. It is true, as the state emphasizes, that this scheme withstood constitutional attack in *Gamble*. It is also true, however, that *Gamble* concerned only due process and double jeopardy challenges. As in *Dimmick*, no equal protection claim was addressed by the court.

In an effort to come within the actual holdings of *Dimmick* and *Gamble*, the state argues that only by petitioner's voluntary act of sitting out the appeal in county jail rather than state prison was he denied postsentencing credit. What is at issue here, however, is not whether petitioner unilaterally chose to be detained in county jail once his inability to post bond mandated his continued incarceration pending appeal, but whether he may be detained at all without credit while wealthier defendants go free on bail, with the result that petitioner and other indigents serve terms beyond the statutory maximum. We hold that he may not.[1]

AFFIRMED.

---

1. Our cases have limited an indigent prisoner's equal protection right to presentencing credit to situations in which the sentence given and the presentencing custody together exceed the statutory maximum for the particular offense. *E.g., Matthews*, 579 F.2d at 931; *Jackson v. Alabama*, 530 F.2d 1231, 1236–37 (5th Cir.1976). When the two periods combined still fall within the statutory limit, it is conclusively presumed that the sentencing body took the presentencing de-

tention into consideration in arriving at the sentence. *Parker*, 498 F.2d at 627. Because petitioner was sentenced by the trial judge to the maximum term available under Alabama law, we need not decide whether state prisoners seeking postsentencing credit must show that their total detention surpasses the statutory maximum. *See generally Jackson*, 530 F.2d at 1233, 1238–41; *id.* at 1245 (Godbold, J., dissenting).