MADDOX, Justice.
On November 21, 1984, Harry Peoples filed a petition for a writ of habeas corpus in the Circuit Court of Elmore County, contending that he is entitled to jail credit for the time he spent in the Montgomery County Jail while his murder conviction was on appeal. During this time, the Circuit Court of Montgomery County had suspended the execution of his sentence;
On January 18,1985, the Circuit Court of Elmore County dismissed Peoples’s petition, without a hearing. Peoples appealed, and, on July 2, 1985, the Court of Criminal Appeals affirmed the judgment, without an opinion, 479 So.2d 87 (Ala.Cr.App.1985).
Peoples then petitioned this Court to issue a writ of certiorari to the Court of Criminal Appeals. Pursuant to Rule 39(k), Ala.R.App.P., Peoples requested that the Court of Criminal Appeals adopt the following statement of facts:
“On May 21, 1981, the appellant was convicted of murder in the circuit court of Montgomery County and was sentenced to 20 years in prison on June 12, 1981. He appealed this conviction and the circuit court of Montgomery County suspended execution [sic] said sentence and set his appeal bond at $20,000.00. Appellant was indigent and unable to afford to post this appeal bond and remained incarcerated in the Montgomery County Jail.
“On June 8, 1982, the Court of Criminal Appeals for the State of Alabama remanded the case to the circuit court of Montgomery County for proper sentenc *816 ing and on July 23, 1982, Peoples was resentenced, receiving a life sentence. Peoples remained in the' Montgomery County Jail from May 21, 1981, until August 3, 1982, at which time he was placed in the custody of the State Board of Corrections.”
Everyone agrees that Peoples was improperly sentenced to 20 years initially and that, on remand, the trial court properly sentenced him to life imprisonment.
Peoples claims that he is entitled to credit for the time he served while the initial improper 20-year sentence was on appeal. He cites Crowden v. Bowen, 734 F.2d 641 (11th Cir.1984), in support of his position that to deny him, an alleged indigent, credit for time served in jail because he could not make bond pending his appeal, would deny him equal protection of the law. The State argues that he is not entitled to credit because the time he was in jail pending his appeal was served in connection with an improper sentence, and that had he been properly sentenced in the first instance, he would not have been entitled to bond regardless of his financial state. We cannot agree with the State's position. Before the sentence was corrected, Peoples could have been free on bond; however, he was not free, because, he claims, indigency prevented his making bond. Therefore, we are of the opinion that Crowden does control this factual situation if Peoples proves his indigency.
In his 39(k) petition, Peoples asserts that “[ajppellant was indigent and unable to afford to post this appeal bond and remained incarcerated in the Montgomery County Jail.” However, Peoples does not cite any portion of the record as proof of this fact. In reviewing the record, it is clear that Peoples raised the issue of indi-gency in the lower courts. However, neither the trial court nor the Court of Criminal Appeals made any determination on this issue. Therefore, we cannot determine whether Peoples’s assertion that he was indigent is correct, as required by Rule 39(k).
Consequently, we reverse the judgment of the Court of Criminal Appeals and direct that court to (1) remand the cause to the circuit court with directions to hold a hearing on Peoples’s claim, or (2) direct the proper authorities to give him credit for the time spent in jail while he was appealing the 20-year sentence, if the court is convinced of Peoples’s indigency during the time for which he claims credit.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.