ON REMANDMENT
PATTERSON, Judge.
On original deliverance this court affirmed, without opinion, the trial court’s judgment summarily denying appellant’s petition for writ of habeas corpus, wherein he alleged that he was entitled to credit on his sentence for the time he spent incarcerated in jail while his murder conviction and *817 improper twenty-year sentence were on appeal. After we denied his application for rehearing, he petitioned the Supreme Court of Alabama for a writ of certiorari, which was granted.
The Supreme Court, relying on Crowden v. Bowen, 734 F.2d 641 (11th Cir.1984), held that to deny an indigent defendant credit for time served in jail because he could not make bond pending his appeal due to his indigency, would deny him equal protection of the law. Peoples v. State, 488 So.2d 815 (Ala.1986). The Supreme Court reversed and remanded the case to this court with instructions that we “(1) remand the cause to the circuit court with directions to hold a hearing on People’s claim, or (2) direct the proper authorities to give him credit for the time spent in jail while he was appealing the twenty-year sentence, if the court is convinced of People’s indigency during the time for which he claims credit.”
While the appellant’s petition contains an unrefuted allegation of indigency during the pendancy of the appeal, we do not believe that there is sufficient evidence in the record for us to make a finding of such indigency. We think it proper to adopt the first course suggested by the Supreme Court and remand this cause to the Circuit Court of Elmore County with instructions to hold a hearing and give appellant an opportunity to prove his claim.
Therefore, pursuant to the decision of the Supreme Court of Alabama in Peoples v. State, the judgment of the circuit court is reversed and the case remanded with instructions that the order denying the petition for writ of habeas corpus heretofore entered be set aside; that appellant, Harry Peoples, be granted an evidentiary hearing on the merits of his petition; and that further proceedings be consistent with the opinion of the Supreme Court.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.