83 So.2d 694 (1955)
Harlan BLACKBURN, Appellant,
v.
STATE of Florida, Appellee.
Lawrence WALL and Sing Wall, Appellants,
v.
STATE of Florida, Appellee.
Phillip LINO, Douglas Troutman and Hattie Eads, Appellants,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division A.
June 3, 1955.
Rehearing Denied November 11, 1955.
John R. Parkhill, Whitaker Brothers, Mark R. Hawes, Tampa, and Sam E. Murrell, Sr., Orlando, for appellants.
Richard W. Ervin, Atty. Gen., and Bart L. Cohen, Asst. Atty. Gen., for appellee.
SEBRING, Justice.
Harlan Blackburn and certain other defendants were tried in the Criminal Court of Record of Polk County, Florida, for a violation of the criminal laws. The information upon which the prosecution was based charged the defendants in five separate counts with (1) conspiracy to violate the lottery laws, (2) promoting a lottery, (3) aiding and assisting in the promotion of a lottery, (4) possession of lottery *695 paraphernalia, and (5) selling and offering lottery tickets for sale. During the course of the trial the court withdrew from the consideration of the jury counts 2 to 5, inclusive, and submitted to the jury count 1 charging conspiracy to violate the lottery laws. The jury found Blackburn guilty on the conspiracy count and the court adjudged the defendant guilty on said count and sentenced him to a $500 fine and imprisonment in the county jail for a period of one year.
Subsequently, the county solicitor of Polk County filed a six-count information against Blackburn and certain other defendants, in which Blackburn was charged with (1) promoting a lottery, (2) assisting in setting up a lottery, (3) possession of lottery paraphernalia, (4) sale of lottery tickets, (5) transmitting lottery tickets, and (6) attempting to operate a lottery. Blackburn moved to quash the information on the ground, among others, that the conspiracy count upon which he had previously been convicted related to the identical lottery transaction charged in the second information and that consequently the State was barred, under principles of "former jeopardy and * * * res adjudicata," from prosecuting the defendant for the crimes charged in the second information. The trial court denied the motion to quash and the cause proceeded to trial on the merits. The jury found the defendant guilty on each count of the information, the trial court pronounced judgment and imposed sentence, and this appeal followed.
The main question on the appeal is whether or not the trial court committed reversible error in refusing to grant the motion to quash on the ground of former jeopardy.
The law is uniform and well established that "punishment for a conspiracy to commit crime and for the overt act which is the object of the conspiracy does not constitute double punishment," or double jeopardy, even where the substantive offense is the overt act involved in the conspiracy charge. 15 Am.Jur., Criminal Law, section 385, p. 60, 1954 Supp., p. 13; 22 C.J.S., Criminal Law, § 288, p. 432; Annotation 92 L.Ed. 198; United States v. Wexler, 2 Cir., 79 F.2d 526; Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489. The rule rests on the principle that the commission of a substantive crime and a conspiracy to commit the substantive crime are separate and distinct offenses. Brown v. State, 130 Fla. 479, 178 So. 153.
In support of his position that the prosecution under the second information was barred by reason of the former trial and conviction, the appellant cites Williams v. State, Fla., 69 So.2d 766, and its companion, Young v. State, Fla., 69 So.2d 761, which, he contends, squarely hold that conspiracy to violate the lottery laws is not an independent substantive offense for which a defendant may be prosecuted and punished separately.
In Williams v. State the defendant Williams was tried and convicted in the Criminal Court of Record of Polk County of certain criminal offenses charged in a six-count information. One count charged the defendant with conspiracy to violate the lottery laws. Section 833.01, Florida Statutes 1951, F.S.A. Two counts charged the defendant with the commission of certain felonies under the lottery law. Section 849.09, subsections 1(a) and (b), Florida Statutes 1951, F.S.A. The remaining counts charged the defendant with the commission of certain misdemeanors under the lottery laws. Section 849.09, subsections 1(g) and (h), Florida Statutes 1951, F.S.A.
On the appeal to this court from the judgment and sentence the holding of this Court was two-fold: (1) "Where a defendant is convicted under the lottery laws, Section 849.09, F.S. [F.S.A.], * * * on two or more counts involving both misdemeanors and felonies, only one sentence is applicable" (emphasis supplied); (2) though the Supreme Court of Florida has jurisdiction to review felony convictions, by reason of the provisions contained in section 5, Article V, of the Constitution, F.S.A., it has no power to review misdemeanor convictions, this power being vested in the circuit *696 courts under the provisions of section 11, Article V, of the Constitution; therefore this Court was without jurisdiction to deal with the judgment and sentence appealed from, so far as it pertained to the misdemeanor charges contained in the information "except to order a proper judgment or sentence by reason of the fact that misdemeanors and felonies are charged in different counts of the same information charging variations of only one offense." [69 So.2d 767.] Nowhere in the opinion was there an adjudication that the count for conspiracy to violate the lottery laws, which is an offense only because of the existence of the general conspiracy statute, section 833.01, Florida Statutes 1951, F.S.A., was regarded by this Court as stating a variation of the substantive lottery violations charged in the other counts of the information, which were punishable only under section 849.09, Florida Statutes 1951, F.S.A.
Under these circumstances, we think it clear that the Williams case cannot be construed as negating or overruling the principle established by an earlier decision of this Court, to the effect that as a general rule a prosecution under the statutes penalizing a conspiracy to violate certain criminal laws of the state constitutes a charge of an independent offense and not merely a variation of the substantive offense which the defendant conspired to commit. Brown v. State, supra.
While it must be conceded that certain language of the opinion in the companion case of Young v. State, supra, tends, at first reading, to sustain appellants' position, such as, for example, the blanket statement that "The information in this case was with reference to the same criminal transactions", it seems clear from a careful consideration of these comments in context that the conspiracy charge was not under consideration at that point of the opinion, as is evidenced by succeeding references in the opinion to the various counts in question as charging commission of acts "embraced within the alternative provisions of the [lottery] statute." 69 So.2d at pages 762, 763. (Emphasis supplied.) And the Court was necessarily governed, in its final conclusions as to the validity of the judgment and sentence before it for review, by the principles of the limited scope of review acknowledged in the Williams case, supra, since the issues involved in the two appeals were precisely the same.
We have considered all other assignments of error and are not persuaded that the trial court committed reversible error in entering the judgment and sentence appealed from.
Affirmed.
DREW, C.J., TERRELL, J., and FLOYD, Associate Justice, concur.