Nathan **MAYO**, as Custodian of the State Prison, State of Florida, Appellant,

v.

Harlan **BLACKBURN**, Appellee.

No. 16681.

United States Court of Appeals
Fifth Circuit.

Dec. 30, 1957.

Rehearing Denied Jan. 29, 1958.

**646**

George E. Owen, Asst. Atty. Gen., Moie J. L. Tendrich, Sp. Asst. Atty. Gen., Richard W. Ervin, Atty. Gen., for appellant.

Pat Whitaker, Mark R. Hawes, Tom Whitaker, Tampa, Fla., for appellee.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a final judgment in a habeas corpus proceeding releasing and discharging from custody a State prisoner. Upon the record of the trial in the state court, and without taking any other testimony, the district court found:

> "that in the denial of his motion to quash the information, in the denial of his motion for change of venue, and in the denial of his motion for severance by the Criminal (Court) of record for Polk County, Florida, the petitioner was denied due process of law and equal protection of the law under the Fourteenth Amendment to the Constitution of the United States."[1]

As has been stated, no testimony was offered before the district court, but its judgment was based upon the petition for habeas corpus and respondent's return to the writ and the exhibits thereto. Those exhibits include the original record and the trial proceedings in the Criminal Court of Record for Polk County, Florida, wherein the appellee was convicted, contained in ten volumes of more than 1800 legal size typewritten pages, "Exhibit A" to the motion for change of venue filed in evidence at the hearing of said motion showing photostatic copies of newspaper articles, and other original exhibits. Appellee's conviction had been affirmed by the Supreme Court of Florida, Blackburn v. State, 83 So.2d 694, and the United States Supreme Court had denied certiorari, Blackburn v. State of Florida, 350 U.S. 987, 76 S.Ct. 473, 100 L.Ed. 854.

Prior to the conviction upon which he is now imprisoned, appellee had been convicted in the same state court of conspiracy to violate the lottery laws of the state, and had been sentenced to pay a $500 fine and to imprisonment in the county jail for one year. Thereafter, the same lottery transactions were made the subject of a six count information against the appellee and twenty-three

---

1. The record contains no more detailed findings of fact or conclusions of law to sustain this general finding. In fairness to the district court, however, it should be pointed out that its attention was directed by the appellant primarily to the defense that the appellee had not exhausted his state remedies, and that in view of the decision in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 437, 97 L.Ed. 469, that defense has been abandoned on appeal.

other defendants charging them with the commission of various substantive offenses under the lottery laws of Florida. Prior to appellee's trial, a number of his co-defendants had been eliminated, so that he was actually tried along with seven co-defendants on five of the six counts.

■■ The question is presented as to whether there was such improper joinder that the appellee was denied due process of law when neither his motion to quash the information nor his motion for severance was sustained. It may be conceded, as the appellee so strenuously argues, that from the face of the information alone it would appear that distinct and separate offenses, committed in several counties, were charged against different persons, and that the information itself shows no connection between the several offenses nor between the various co-defendants. So far as those objections go to the propriety of the information as a pleading, this Court is concluded by the decision of the Supreme Court of Florida, subject to review under the due process clause only if it resulted in the

denial to the appellee of fundamental fairness.[2] The appellee doubtless knew from the evidence theretofore introduced in the conspiracy trial what the state claimed to be the connecting links between the various offenses and the several offenders. The state's evidence upon the trial of the defendant and his co-defendants for the several substantive offenses clearly went to prove that there was but one vast lottery operation, covering several counties, operated, backed and banked by the appellee. No further discussion is needed to demonstrate that there was no such misjoinder of parties or of offenses as to amount to a denial of due process of law or equal protection of the laws.

As to the motion for change of venue, we repeat that no evidence was offered before the district court which had not already received the consideration of the trial court and of the Supreme Court of Florida. The trial court entered an order denying the motion for change of venue, stating sound reasons for such denial, and carefully providing for its reconsideration in the event of difficulty in selecting a fair and impartial jury.[3]

2. Dimmick v. Tompkins, 1904, 194 U.S. 540, 552, 24 S.Ct. 780, 48 L.Ed. 1110; Kepner v. United States, 1904, 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114; Knewel v. Egan, 1925, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Snyder v. Commonwealth of Massachusetts, 1934, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674; Palko v. State of Connecticut, 1937, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288; Betts v. Brady, 1942, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595.

3. "The application for a change of venue filed herein on behalf of the defendant, Harlan Blackburn, coming on before the Court for hearing on the application as filed and the exhibits and affidavits made a part thereof and the response thereto filed by the State together with the supporting affidavits attached to and made a part of said response; and counsel for the defendant and for the State having announced that they had no further testimony to offer and were submitting the issue on the application and response; and the Court having taken the matter under advisement and having carefully considered the affidavits and exhibits filed herein, finds:

"That during the month of March, 1953, the defendant, Harlan Blackburn, was before this Court in Case No. 14960 under an information containing several counts, the first count being one of conspiracy and the other counts charging a violation of the lottery laws by various manners and means; that this case consumed 9 days in the trial thereof and during the course of the trial it was discovered that all of the counts charging a violation of the lottery laws were void and were withdrawn from the consideration of the Court at that time and the trial thereafter proceeded on the conspiracy count; that the present case is based on the same set of circumstances which gave rise to the bolita counts in the previous case and that practically the identical testimony used by the State in the conspiracy charge will be used in this case; that most of the newspaper articles referred to in the application for change of venue had already been published at the time the jury was selected in the conspiracy case and that no difficulty was experienced whatsoever in the securing of a jury in that case, accepted by the defendant as being with-

The prospective jurors were examined at length on voir dire and twenty-six of them were excused as having fixed opinions. The six jurors finally selected had read of the case and heard it discussed but testified on voir dire that they had no fixed opinions and that they would give the defendants a fair and impartial trial. There was no unusual difficulty in choosing the jury. When the appellee renewed his motion for change of venue after the jury had been chosen and before it was sworn, the trial court ruled: "The Court is not of the opinion there has been any showing made here that it would be impossible for the defendant to secure a fair and impartial trial in this County, and the motion, therefore, is denied."

The Supreme Court of Florida attached little importance to the motion for change of venue, or for that matter to the motion to quash the information or the motion for severance, and disposed of all three in one sentence concluding its opinion:

> "We have considered all other assignments of error and are not persuaded that the trial court committed reversible error in entering the judgment and sentence appealed from." Blackburn v. State, Fla., 83 So.2d 694, 696.

██ Whether the adverse publicity prevented the appellee from securing a fair trial was a question primarily addressed to the judgment of the trial court. There was more than substantial

evidence to support its decision. It properly accorded weight to the examination of the jurors on voir dire and to the lack of difficulty in choosing a jury. 22 C.J.S. Criminal Law § 196b, pp. 312, 313. It was on the ground at the time of trial; it saw and heard the voir dire examination of the jurors; it was in much better position to know the local sentiment and to hear and decide the motion for change of venue than was the federal district court.

 The trial judge and the State Supreme Court Justices all acted pursuant to their oaths to support the Constitution of the United States. Article VI, Clause 3 of the Constitution. The state courts "are under the same duty as the federal courts to respect rights under the United States Constitution." Brown v. Allen, 344 U.S. 443, 499, 73 S.Ct. 437, 442, 97 L.Ed. 469. The careful inquiry evidenced by this record does not, in our opinion, present such an extreme case as might justify a federal court in holding that the state trial court and Supreme Court have denied the appellee due process of law or any other constitutional right. See Shepherd v. State of Florida, 341 U.S. 50, 71 S.Ct. 549, 95 L.Ed. 740.

The judgment of the district court is therefore reversed with direction to enter judgment for the respondent. 28 U.S.C.A. § 2106.

Reversed with directions.

out bias or prejudice and that the Court does not now therefore anticipate that there will be any difficulty when the jury is selected for the trial of the instant case in the securing of six jurors who will be absolutely unbiased, without prejudice and fair and impartial as between the rights of the defendant and the State of Florida.

"The Court further finds that no showing is made on the records as now submitted such as would justify the conclusion that a fair and impartial jury can not be secured in Polk County, Florida, for the trial of the issues involved herein.

"It is therefore ordered that the application of the defendant, Harlan Blackburn, for a change of venue, be, and it is hereby denied, and it is further provided that if it should appear to the Court during the selection of a jury herein that it is not possible to secure a jury for the trial of this cause who stands unbiased and unprejudiced and absolutely qualified to sit as jurors therein, and that a change of venue would serve the ends of justice that the Court will at that time give due consideration to any motion for a change of venue.

"Done and ordered at Bartow, Florida, this the 30th day of October, 1953.

"(s) R. H. Amidon
Judge".