**UNITED STATES of America ex rel. Thomas GOINS, Petitioner,**

v.

**Maurice SIGLER, Warden of the Louisiana State Penitentiary, Angola, Louisiana, Respondent.**

**Misc. No. 986.**

United States District Court
E. D. Louisiana,
New Orleans Division.

April 1, 1958.

---

3. Atchison v. Wills, 21 App.D.C. 548, 561.

James D. McGovern, Jr., New Orleans, La., for petitioner.

Jack P. F. Gremillion, Atty. Gen. for State of Louisiana, M. E. Culligan, Asst. Atty. Gen., for respondent.

J. SKELLY WRIGHT, District Judge.

Petitioner, a Negro, is condemned to die for the murder of Anthony Meyers, a white resident of the city of New Orleans. He was convicted by a jury and his conviction was affirmed by the Supreme Court of Louisiana after consideration of fifty-two bills of exceptions. State v. Goins, 232 La. 238, 94 So.2d 244. The Supreme Court of the United States denied an application for writ of certiorari. 355 U.S. 847, 78 S.Ct. 74, 2 L.Ed.2d 57. In this proceeding, the petitioner, Goins, seeks to relitigate certain issues which were decided adversely to his contentions in the state court. It is admitted by respondent, on the principles announced in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, that 28 U.S.C. § 2254 requiring exhaustion of state remedies is no bar to the entertainment by this court of petitioner's application for habeas corpus.

Petitioner's primary contention in this application is that for thirteen weeks following his arrest he was in custody without counsel, and that on the

trial of his case in the state court, admissions and a confession made by him during that time were admitted in evidence. It is further contended that the confession was coerced by police brutality. A full hearing on these issues was had in this court and the record here has been supplemented by the introduction into evidence of the state court transcript. This state court transcript shows that the constitutional issues here raised were resolved by that court. Nevertheless, although this court may accept the state court's findings on controverted basic facts, this court must make its own independent determination on ultimate or mixed questions of fact and the application of constitutional principles to those facts. Brown v. Allen, supra, 344 U.S. at pages 506, 507, 73 S.Ct. at pages 445–446; Gallegos v. State of Nebraska, 342 U.S. 55, 61, 72 S.Ct. 141, 96 L.Ed. 86; Watts v. State of Indiana, 338 U.S. 49, 51, 69 S.Ct. 1347, 1357, 93 L.Ed. 1801; Norris v. State of Alabama, 294 U.S. 587, 594, 55 S.Ct. 579, 79 L.Ed. 1074; Kansas City Southern R. Co. v. C. H. Albers Comm. Co., 223 U.S. 573, 591, 32 S.Ct. 316, 56 L.Ed. 556. When conceded facts exist which are irreconcilable with mental freedom to confess or to deny a suspected participation in a crime, a federal court is not bound by the contrary conclusions of the triers of the fact, whether judge or jury. Lyons v. State of Oklahoma, 322 U.S. 596, 64 S.Ct. 1208, 88 L.Ed. 1481.

■ Goins was arrested by the New Orleans Police at 8:50 p. m. on the evening of April 2, 1955. He was taken immediately to the Fifth District Police Station where he was booked with violation of "[LSA–]R.S. 14 Art. 107 [1] pending investigation of recent hold-ups." On the following morning, petitioner's mother came to see, and did see and talk with, him at the precinct station. On the same afternoon, Goins was taken to the home of his mother with whom he lived, where, after a search of the premises, certain allegedly stolen property was recovered. Goins spoke with his mother at that time but made no arrangements with her for obtaining a lawyer to represent him, in spite of the fact that on a previous occasion she had been useful in that capacity.

On April 7, 1955, with Goins still in jail, a new charge was placed against him, that of violating "[LSA–]R.S. 14/27 L.C.C. Attempt murder of MC/Ptn. H. Cerise." Also on that day Goins was booked under the same statute with the attempted murder of Francisco Imperatore. Later the same day, Goins was booked with the attempted murder of Anthony Meyers, the armed robbery of John Wiltemuth, Jr., and the simple robbery of Luther Wendham. Also on the same day, April 7, 1955, Goins was booked with theft and possession of a 1947 Dodge coupe, with the theft and possession of a 1950 Chevrolet coach, and with possession of two stolen radios. On April 12, 1955, Anthony Meyers having died, Goins was booked with the murder of Anthony Meyers. On August 10, 1955, counsel was appointed to represent Goins by the state court judge before whom he was to be tried for murder. At that time the court appointed Goins' present counsel, Mr. James D. McGovern, Jr., whose zeal and industry in representing Goins without pay during this long litigation is a credit to the Bar.

Goins' trial began on October 24, 1955. The transcript of the record in that case shows that an admission made on April 7, 1955 by Goins to the widow of the victim Meyers was admitted in evidence. In addition, testimony by a confederate of Goins showed that Goins admitted shooting somebody on the night Meyers was shot. Also admitted in evidence was a full confession signed by Goins after taking a polygraph test. Goins in this court admitted that he took the lie detector test willingly. The test was administered from 11:00 p. m. to approximately 12:00 midnight on April 6, 1955. A document

---

[1]. LSA–R.S. 14:107 reads in part:
"* * * Whoever commits the crime of vagrancy shall be fined not more than two hundred dollars, or imprisoned for not more than nine months, or both. * * *"

containing the statements made by Goins during the test was submitted to Goins for signature at 4:05 the following morning. Goins in this court testified that he was beaten to such an extent by the police that he had no alternative but to sign the confession. The confession was admitted in the state court only after all the officers concerned with the confession testified fully to its voluntary nature. Goins himself took the stand outside the presence of the jury to give his version of the events leading up to the signing of the confession. The trial court, crediting the testimony of the police, ruled the confession voluntary and therefore admissible. Implicit in the trial court's ruling is the finding that violence was not offered petitioner in connection with his confession. There is nothing in this record to justify this court in reaching an opposite conclusion on this basic factual issue. See Brown v. Allen, supra, 344 U.S. at pages 506, 507, 73 S.Ct. at pages 445–446; Gallegos v. State of Nebraska, supra, 342 U.S. at page 61, 72 S.Ct. at page 145; Lyons v. State of Oklahoma, 322 U. S. 596, 602, 64 S.Ct. 1208, 88 L.Ed. 1481; Lisenba v. People of State of California, 314 U.S. 219, 238, 62 S.Ct. 280, 86 L.Ed. 166.

█ In these proceedings Goins charges as error amounting to denial of due process the refusal of the district judge to allow Goins to testify on the voluntary character of the confession before the jury without submitting himself to full examination on all issues in the case.

That contention was resolved against Goins by the Louisiana Supreme Court. State v. Goins, supra, 94 So.2d at page 255. The identical issue was also presented to the Supreme Court of the United States and resolved against the contention presently being made by petitioner here. Stein v. People of State of New York, 346 U.S. 156, 174, 73 S.Ct. 1077, 97 L.Ed. 1522. Compare United States v. Carignan, 342 U.S. 36, 38, 72 S.Ct. 97, 96 L.Ed. 48.

█ Citing Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L. Ed. 1469, and McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, cases involving federal rather than state prosecutions,[2] petitioner maintains that he has been denied due process because, while he was booked originally under a statute which made vagrancy an offense, actually, as the police blotter shows, he was not being held as a vagrant but that he was being held pending investigation of recent holdups. He also maintains that it was during the time he was held on this charge that the admissions and confession were made, at a time when he was without counsel to advise him.

It is true that it had formerly been the practice of the New Orleans Police to book suspects on a charge of vagrancy pending investigation of other offenses.[3] It is also true that this practice has been discontinued through the efforts of the Criminal Bar Association of the City of New Orleans.[4] The fact, however, that a

2. See Gallegos v. State of Nebraska, 342 U.S. 55, 63–65, 72 S.Ct. 141, 96 L.Ed. 86.

3. See United States v. Carignan, supra, 342 U.S. at page 46, 72 S.Ct. at page 102.

4. A placard bearing the following information is now prominently displayed in each police station in the City of New Orleans:

"Rights of Arrested Persons
"These Are Some of Your Rights Under the Laws of the United States and the State of Louisiana
"Right to Call Lawyer
"'All persons arrested shall, from the moment of their arrest, be entitled to

confer with counsel * * *.' (L.S.A.–R.S. 15:77)

"Right to Use Telephone
"'They (arrested persons) shall be given the right and privilege of using the telephone in the jail or station or send a messenger for the purpose of communicating with counsel and with his friends and relatives for the purpose of securing counsel. They shall also have the right and privilege of using the telephone in the jail or station or send a messenger for the purpose of communication with any person, firm or corporation in order to secure their release by bail or parole.' (L.S.A.–R.S. 15:77)

person suspected of crime is initially booked as a vagrant does not of itself deny that person due process, particularly where, as here, that person is immediately charged, entitled to bail and to communicate with counsel, friends or relatives by telephone from the precinct station to arrange it. Here Goins' mother visited him within a few hours of his arrest and from time to time thereafter until the trial court, becoming convinced that neither Goins nor his mother was able to supply him with counsel, appointed one, and a good one, to defend him. The fact that the confession was obtained before the defendant had counsel, while he was in custody on a charge of doubtful validity, does not deny him due process under the Fourteenth Amendment unless it is shown that the confession itself was obtained under circumstances amounting to coercion. Brown v. Allen, supra, 344 U.S. at page 476, 73 S.Ct. at page 417; Gallegos v. State of Nebraska, supra, 342 U.S. at page 65, 72 S.Ct. at page 147; Lyons v. State of Oklahoma, supra, 322 U.S. at page 602, 64 S.Ct. at page 1212; Lisenba v. People of State of California, supra, 314 U.S. at pages 239–241, 62 S.Ct. at pages 291–292.

■ Unquestionably, Goins did not receive all the constitutional protection a court sworn to uphold the Constitution would have liked him to have received. He should have had a lawyer sooner than he did. He should not have been subjected, while in custody, to examination by police at odd hours of the night. In spite of the fact that definite progress is being made in the protection of constitutional rights, much is yet to be accomplished. Police do not insist on having a lawyer represent an accused from the moment of his arrest and some persons accused of crime unfortunately have no way of obtaining counsel until the court appoints one to represent them. In the interim, violation of constitutional rights remains an ever-present possibility. Only through the combined efforts of state and federal judges working together in this sensitive area of state-federal relations can this possibility be avoided.[5] Here petitioner's failure to obtain counsel earlier cannot be attributed to the State of Louisiana. Other than his own unsupported statement, all the evidence indicates that his confession and admissions were free and voluntary. The state court transcript shows he had a fair trial and a vigorous defense. His innocence is not seriously suggested.[6] He has had due process of law under the Fourteenth Amendment as that clause is currently being interpreted. Brown v. Allen, supra; Gallegos v. State of Nebraska, supra; Lyons v. State of Oklahoma, supra. Compare Haley v. State of Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224.

Writ discharged.

"Right to Bail
" 'In all * * * cases (other than capital cases) the person accused shall be entitled to bail. The amount of the (bail) shall be fixed with consideration of the seriousness of the offense charged, the previous criminal record of the (person accused) and the probability or improbability of his appearing at the trial * * *.' (L.S.A.–R.S. 15:86)
"Right to Remain Silent
" 'No person shall be compelled to give evidence against himself in a criminal case or in any proceeding that may subject him to criminal prosecution * *. No person under arrest shall be subjected to any treatment designed by effect on body or mind to compel confession of crime; nor shall any confession be used against any person accused of crime unless freely and voluntarily made.' (Article I, Section II, Louisiana [L.S.A.–] Constitution, 1921.)"

5. State court judges, like federal judges, take an oath to support the Constitution. Article VI, Clause 3 of the Constitution. See Mayo v. Blackburn, 5 Cir., 250 F.2d 645.

6. Conviction, even where evidence of guilt is overwhelming, may not stand where due process is denied. Malinski v. People of State of New York, 324 U.S. 401, 404, 65 S.Ct. 781, 89 L.Ed. 1029.