UNITED STATES of America ex rel. Thomas GOINS, Appellant,

v.

Maurice SIGLER, Warden (Victor G. Walker, Successor Warden to Maurice Sigler, Warden), Appellee.

No. 18809.

United States Court of Appeals Fifth Circuit.

Jan. 2, 1962.

James D. McGovern, Jr., New Orleans, La., for appellant.

Jack P. F. Gremillion, Atty. Gen., John E. Jackson, Jr., Asst. Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Richard Dowling, Dist. Atty., New Orleans, for appellee.

Before TUTTLE, Chief Judge, POPE * and GEWIN, Circuit Judges.

PER CURIAM.

The appellant here complains of the trial court's dismissal, without a hearing, of his motion for new trial on the grounds of newly discovered evidence. The motion was made in a habeas corpus proceeding in which the trial court had issued an order denying appellant relief from a state conviction and sentence of execution.

Upon the original filing of the petition for habeas corpus the District Court conducted a hearing on appellant's complaint that he had been unconstitutionally convicted by reason of a confession exacted from him under coercion. After a full hearing, the trial court, stating, "unquestionably Goins did not receive all the constitutional protection a court sworn to uphold the Constitution would have liked him to have received," nevertheless

* Of the Ninth Circuit, sitting by designation.

determined that his conviction had been consistent with the due process requirements of the Fourteenth Amendment. After that decision, D.C., 162 F.Supp., 256, and while the case was pending in this Court, on appeal therefrom, the appellant, through his court appointed lawyer, learned that a former State witness, an alleged accomplice in the killing, wished to recant the testimony implicating Goins in the murder. Thereupon, after recanting testimony, in the form of a deposition, had been taken and reduced to writing, appellant filed his motion for new trial in the District Court. When the motion was called for hearing, and in the absence of appellant's counsel, the trial court inadvertently and apparently on the assumption that the matter set before it for hearing was then pending on appeal in this Court, entered an order overruling the motion for new trial. Thus it is that the motion for new trial has not yet been passed upon by the trial court. In view of the fact, therefore, that appellant would have the right to file an entirely new petition setting up the fact of the recantation, and in view of the fact that it is clear from the record that the dismissal by the trial court was inadvertent, we consider it appropriate to remand the case to the trial court for the purpose of permitting it to consider the motion on its merits. It is, therefore, ordered that the order of the trial court, dated November 18, 1959, denying the motion "for lack of jurisdiction" is vacated and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.