**UNITED STATES of America ex rel.
Thomas GOINS**

v.

**Maurice SIGLER, Warden (Victor G. Walker, Successor Warden to Maurice Sigler, Warden).**

Misc. No. 629.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Dec. 20, 1963.

**688**

James D. McGovern, Jr., New Orleans, La., for petitioner.

Jack P. F. Gremillion, Atty. Gen., State of Louisiana, Baton Rouge, La., M. E. Culligan, John E. Jackson, Jr., Asst. Attys. Gen., New Orleans, La., for respondent.

WEST, District Judge.

This matter is once again before this Court on the application of relator, Thomas Goins, for the issuance of a writ of habeas corpus. Goins was convicted of murder on October 26, 1955, after trial by jury in a State Court of Louisiana, and on March 14, 1956, the death sentence was imposed. His conviction was appealed to the Supreme Court of the State of Louisiana, which Court on February 25, 1957, affirmed the conviction and sentence, 232 La. 238, 94 So.2d 244 (Rehearing Denied April 1, 1957). The United States Supreme Court denied certiorari on October 14, 1957, 355 U. S. 847, 78 S.Ct. 74, 2 L.Ed.2d 57. Relator then applied to this Court for the issuance of a writ of habeas corpus on November 14, 1957, after the execution date had been set for November 29, 1957. On November 27, 1957, this Court, as then constituted, issued a stay of execution and issued an order to respondents to show cause why a writ of habeas corpus should not issue. Thereafter, on December 4, 1957, the writ of habeas corpus was denied, and the stay order previously issued was recalled and rescinded, without written reasons being assigned therefor. An appeal was taken, and on December 12, 1957, the Court of Appeals, Fifth Circuit, issued a stay order and remanded the matter back to the District Court for hearing on relator's petition. 5 Cir., 250 F.2d 128. The District Court then held a full hearing on relator's petition, and on April 1, 1958, for written reasons assigned, de-

nied the writ of habeas corpus. D.C., 162 F.Supp. 256. Relator then filed a motion for new trial based upon allegations of newly discovered evidence, which motion was denied by this Court, without hearing, on November 18, 1959. However, prior to the time the motion for new trial had been filed, relator had appealed from this Court's ruling of April 1, 1958, and on December 4, 1959, the Court of Appeals, Fifth Circuit, affirmed the District Court ruling and in effect adopted as their own the reasons assigned on April 1, 1958, by the District Court. 5 Cir., 272 F.2d 148. Relator also appealed the District Court's dismissal of his motion for a new trial based upon newly discovered evidence, and on January 2, 1962, the Court of Appeals, Fifth Circuit, remanded the case to this Court for hearing on relator's motion for new trial. It is in connection with this remand that the present hearing was held by this Court on April 19, 1963.

Since the facts in connection with the crime charged and the proceedings previously had in this matter are set out in full in this Court's original opinion contained in D.C., 162 F.Supp. 256, those facts will not be repeated herein. Suffice it to say that all questions of possible violations of petitioner's constitutional rights, including the question of whether or not the confession of relator, used during his trial, was a voluntary confession, were considered by both this Court and the Court of Appeals, Fifth Circuit, as well as the State Courts of Louisiana. As the evidence then stood, the State Courts of Louisiana, this Court, and the Court of Appeals, all found that the confession involved was freely and voluntarily given and was not procured by coercion. The motion for new trial filed by relator is based solely and entirely upon the fact that relator contends that a witness, Benjamin Mackey, who had been charged as a co-defendant with relator, perjured himself during the trial when he testified that neither he, nor relator, had been mistreated in any way by the police officers, and that the confessions given by both of them had been

freely and voluntarily given. Relator alleges that Benjamin Mackey has now recanted, and will now testify that the confession involved was not voluntarily given and was obtained only after he and relator were beaten and otherwise mistreated by the police officers in New Orleans. Thus, the sole question now presented is one of credibility. If this Court were to decide that the witness Mackey is now telling the truth, and that he did in fact perjure himself during the trial, then, of course, the question of the validity of petitioner's confession would once again be at issue. But on the other hand, if this Court decides that Mackey cannot now be believed, then the prior findings of this Court, the Court of Appeals for the Fifth Circuit, and the State Courts must remain unchanged and the validity of the confession thus sustained.

A hearing has now been held by this Court, at which Benjamin Mackey testified in person, and at length. He now states that he lied during the original trial of the case, and that he lied at a later date when relator first requested a new trial, but that now, seven years later, he is telling the truth when he says that he and relator were ruthlessly beaten by the police officers in New Orleans, and that the confessions obtained were thus obtained by coercion. It is now his story that he previously lied during the trial, and subsequent to the trial, because he had made a deal with the District Attorney for leniency in return for his lying about the confessions, and that his attorney had told him that to lie was his only chance. But now, seven years later, he states that he must tell the truth because the lies which he previously told have been on his conscience.

After hearing this witness, and after giving much thought and consideration to his testimony in open Court, and after a thorough study of the transcript of his testimony, this Court has concluded that it simply cannot believe Mackey's latest testimony. It is often impossible to assign specific reasons why a Court is impressed with the truthfulness of one witness while the truthfulness of another is doubted. However, after seeing and hearing this witness, this Court is far from convinced that he is now telling the truth. In February, 1959, some four years after relator was convicted and sentenced to die, Mackey gave a deposition which was the basis of the motion for new trial based on newly discovered evidence. In this deposition, Mackey stated, at one point, that during the trial he had stood on his constitutional rights and had refused to testify to certain things pertaining to this confession because the District Attorney and the Trial Judge had advised him to do so. Yet, at the hearing before this Court, he stated that he had remained quiet and had refused to testify as to certain facts because his attorney had told him to do so. He further states now that it was his attorney who had told him specifically to lie during the trial because that was the only way to "save his skin". He states that all during the trial, as questions were asked of him, that he would look to his attorney who would shake his head yes or no, and that he would answer in accordance with these signals from his attorney. When he was asked whether or not any objection was made by the Trial Judge, the District Attorney, or relator's attorney to such signaling by his defense counsel, he merely stated that he guessed they didn't see what was going on. It is extremely difficult for this Court to believe that during the course of such a trial, Mackey's counsel would be in a position to signal by shaking his head yes or no to each question as it was propounded to this witness without the Court, the District Attorney, or relator's counsel observing and objecting to such activities. Furthermore, during the hearing in this Court, Mackey stated at one time that his attorney had told him to tell "nothing but the truth", and yet at other times during his testimony, he states that his attorney had specifically told him to lie if he expected to escape the death penalty himself. This Court takes cognizance of the fact that the attorney representing this witness during the original trial is a lawyer of high

standing and good reputation in the New Orleans Bar, who specifically denies that he at any time instructed this witness to lie during the trial. Furthermore, when attempting to evaluate the credibility of this witness, the Court cannot help but take note of his activities since his incarceration. He has been disciplined three times for fighting. He has been disciplined for destroying State property, for refusing to work, for hiding to avoid work, for making and possessing a knife, for being involved in a knife fight with another inmate, and for engaging in an act of sodomy with another prisoner. During the course of the present hearing, he testified that he was eligible to be released in 10 years and 6 months, but upon further questioning, he admitted that this was not true, and that he knew it was not true, because he had lost all of his "good time" as a result of the activities hereinbefore mentioned. He stated during the hearing that the relator was a "good friend" of his, and then later admitted that he had only known relator for about three months before the murder for which relator was convicted. During the hearing held by this Court, he testified that practically everything he testified to in the State Court was a lie, but that he was now telling the truth. He admits that in order for this Court to believe that he is now telling the truth, it would be necessary to also believe that the relator's mother lied during the trial; that the dead victim's wife lied; that an acquaintance by the name of Warden lied; that his attorney lied and advised him to lie also, and that all of the police officers who testified during the trial lied.

This Court is simply not impressed with the veracity of the witness Mackey. His demeanor, as well as his testimony, have weighed heavily in this decision, and this Court now concludes that relator has not carried the burden of proving a valid recantation on the part of the witness Mackey. Therefore, the original finding of the State Court, as affirmed by the United States District Court, and the Court of Appeals, Fifth Circuit, that the confession of relator used during his trial against him was freely and voluntarily given, must stand.

For these reasons, relator's application for the issuance of a writ of habeas corpus is denied.