UNITED STATES of America ex rel.
Thomas GOINS, Appellant,

v.

Victor G. WALKER, Warden, Louisiana
State Penitentiary, Appellee.

No. 21295.

United States Court of Appeals
Fifth Circuit.

Dec. 16, 1964.

Rehearing Denied Jan. 18, 1965.

---

James D. McGovern, Jr., New Orleans, La., for appellant.

John M. Currier, Asst. Atty. Gen., New Orleans, La., Jack P. F. Gremillion, Atty. Gen., Baton Rouge, La., M. E. Culligan, Asst. Atty. Gen., New Orleans, La., John E. Jackson, Jr., Asst. Atty. Gen., for appellees.

Before RIVES and WISDOM, Circuit Judges, and MORGAN, District Judge.

RIVES, Circuit Judge.

This appeal is from another denial of habeas corpus to Thomas Goins, who is under a death sentence for the murder of Anthony Meyers on April 1, 1955. The murder for which Goins was convicted was described by the Supreme Court of Louisiana in its opinion affirming his conviction and sentence:

"* * * it is well that we briefly recite the principal facts relating to the crime charged to appellant.

"At approximately 7:30 o'clock P.M. on April 1, 1955, appellant and Benjamin Mackey forced Thomas Hulings (known as Dusty), a 16 year old Negro, to steal an automobile for them. While driving this car at about 9:00 o'clock the same night they came upon one Francisco (or Frank) Imperatore, an Italian citizen, whom they attempted to rob with force of arms. When Imperatore began running he was shot by the defendant with a .38-caliber revolver. And as he staggered Goins and Mackey drove away.

"About ten or fifteen minutes later they approached the victim in this case, Anthony Meyers, who was walking. Goins alighted from the car and went to him for the purpose of committing an armed robbery. Meyers quickened his pace and attempted to flee; but, as he moved away, the defendant shot him twice

in the back. While the victim lay on the sidewalk Goins took a wallet and some change from his pocket.

"Shortly after the defendant and Mackey had left the scene Dusty Hulings, who meanwhile had stolen another automobile, was observed. They chased him about twenty blocks (he thinking that they were police officers) until he abandoned the car he was driving. The defendant and Mackey, thereupon, appropriated it; and while driving around in this second vehicle they were apprehended by a motorcycle policeman (Henry Cerise). Mackey, obviously to prevent arrest, fired two ineffective shots at the officer from the above mentioned revolver.

"Some minutes later defendant and Mackey abandoned the second automobile (when its engine failed) and stole a third. In it they drove to Sander's barroom where the defendant told one Lawrence Warden that he had just shot a man whom he then thought to be dead."

State v. Goins, 1957, 232 La. 238, 94 So. 2d 244, 248.

The history of the long litigation is succinctly stated by the district court in its opinion denying Goins' last application for habeas corpus:

"* * * Goins was convicted of murder on October 26, 1955, after trial by jury in a State Court of Louisiana, and on March 14, 1956, the death sentence was imposed. His conviction was appealed to the Supreme Court of the State of Louisiana, which Court on February 25, 1957, affirmed the conviction and sentence, 232 La. 238, 94 So.2d 244 (Rehearing Denied April 1, 1957). The United States Supreme Court denied certiorari on October 14, 1957, 355 U.S. 847, 78 S.Ct. 74, 2 L.Ed.2d 57. Relator then applied to this Court for the issuance of a writ of habeas corpus on November 14, 1957, after the execution date had been set for November 29, 1957. On

November 27, 1957, this Court, as then constituted, issued a stay of execution and issued an order to respondents to show cause why a writ of habeas corpus should not issue. Thereafter, on December 4, 1957, the writ of habeas corpus was denied, and the stay order previously issued was recalled and rescinded, without written reasons being assigned therefor. An appeal was taken, and on December 12, 1957, the Court of Appeals, Fifth Circuit, issued a stay order and remanded the matter back to the District Court for hearing on relator's petition. 5 Cir., 250 F.2d 128. The District Court then held a full hearing on relator's petition, and on April 1, 1958, for written reasons assigned, denied the writ of habeas corpus. D.C., 162 F.Supp. 256. Relator then filed a motion for new trial based upon allegations of newly discovered evidence, which motion was denied by this Court, without hearing, on November 18, 1959. However, prior to the time the motion for new trial had been filed, relator had appealed from this Court's ruling of April 1, 1958, and on December 4, 1959, the Court of Appeals, Fifth Circuit, affirmed the District Court ruling and in effect adopted as their own the reasons assigned on April 1, 1958, by the District Court. 5 Cir., 272 F.2d 148. Relator also appealed the District Court's dismissal of his motion for a new trial based upon newly discovered evidence, and on January 2, 1962, the Court of Appeals, Fifth Circuit, remanded the case to this Court for hearing on relator's motion for new trial. It is in connection with this remand that the pres-

ent hearing was held by this Court on April 19, 1963."

United States ex rel. Goins v. Sigler, Warden, E.D.La.1963, 224 F.Supp. 687, 688.[1]

In discharging a writ of habeas corpus on April 1, 1958, Judge Skelly Wright had commented:

" * * * On August 10, 1955, counsel was appointed to represent Goins by the state court judge before whom he was to be tried for murder. At that time the court appointed Goins' present counsel, Mr. James D. McGovern, Jr., whose zeal and industry in representing Goins without pay during this long litigation is a credit to the Bar."

United States ex rel. Goins v. Sigler, Warden, E.D.La.1958, 162 F.Supp. 256, 258.

We note to this attorney's further credit that more than six years after Judge Wright's commendation there has been no flagging of his loyalty, zeal and industry in behalf of his client. Indeed, in brief and upon oral argument he has indicated that, if not successful on the present application, there may be a new habeas corpus proceeding in reliance upon Ker v. California, 1963, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726.[2]

The issue in the present proceeding was strictly limited by the order of the district court of April 19, 1963, as follows:

"IT IS ORDERED that petitioner's motion for a new trial or hearing on his application for the issuance of a writ of habeas corpus be, and it is hereby GRANTED, said hearing to be limited, however, to the issue of the alleged recantation

1. The opinion of this Court dated January 2, 1962, to which the district court referred is reported in 297 F.2d at 533.

2. There should be some end to this litigation. We note that, in referring to the original indictment of Goins and his codefendant, the Supreme Court of Louisiana said: "That indictment, however, was nolle prosequied when a new Grand Jury, containing Negro members, reindicted them on the same charge." State v. Goins, 1957, 232 La. 238, 94 So.2d 244, 248. If Goins or his counsel intend to press the point ruled on in Collins v. Walker, 5 Cir. 1964, 335 F.2d 417, cert. denied sub nom. Hanchey v. Collins, 85 S.Ct. 189, that point should not be reserved for an even later petition.

by the witness Benjamin Mackey of testimony previously given by him in connection with the confession of petitioner used as evidence during his trial."

After a full hearing pursuant to that order, the district court set forth its reasons for holding that the relator had not carried the burden of proving a valid recantation on the part of the witness Mackey. United States ex rel. Goins v. Sigler, Warden, E.D.La.1963, 224 F. Supp. 687. Able counsel makes a forceful attack upon the district court's opinion. Among other criticisms, he quotes from the opinion with emphasis on the concluding phrase of the quotation as follows:

> "This Court takes cognizance of the fact that the attorney representing this witness during the original trial is a lawyer of high standing and good reputation in the New Orleans Bar, *who specifically denies that he at any time instructed this witness to lie during the trial.*"

After again referring to that statement, appellant's counsel concludes: "THERE IS *NO SUCH* TESTIMONY IN ANY OF THE *THREE* TRANSCRIPTS."

We note, however, that on the hearing of Goins' motion for new trial in the state court, Mackey's counsel referred to the advice he gave his client as follows (Vol. 3, p. 319 of transcript before the Supreme Court of Louisiana in case No. 43017 reported in 94 So.2d 244): "The only advice, I advised him to tell the truth. He informed me that is all he had done."

The district court based its opinion and decision largely upon its observation of the witness Mackey.

> "After hearing this witness, and after giving much thought and consideration to his testimony in open Court, and after a thorough study of the transcript of his testimony, this Court has concluded that it simply cannot believe Mackey's latest testimony. It is often impossible to as-

sign specific reasons why a Court is impressed with the truthfulness of one witness while the truthfulness of another is doubted. However, after seeing and hearing this witness, this Court is far from convinced that he is now telling the truth."

224 F.Supp. at 688, 689. Again the court said: "This Court is simply not impressed with the veracity of the witness Mackey. His demeanor, as well as his testimony, have weighed heavily in this decision." 224 F.Supp. at 690. As we have held,[3] "Rule 52(a), 28 U.S.C., applies to findings of fact of a district court in a habeas corpus proceeding." Giving due regard to the opportunity of the district court to judge of the credibility of the witness, we cannot set aside its findings as clearly erroneous. The judgment denying the issuance of a writ of habeas corpus is therefore

Affirmed.

---

3. Rushing v. Wilkinson, 5 Cir. 1959, 272 F.2d 633, 638, n. 3.